FILED

OCT 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50201 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00381-SVW-1 |
| v. | |
| NORMA ABAPO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted October 10, 2012
Pasadena, California

Before: FERNANDEZ and BERZON, Circuit Judges, and HERNANDEZ, District
Judge.**

Defendant appeals her sentence, contending the district court violated

Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to resolve an alleged

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable Marco A. Hernandez, U.S. District Judge for the
District of Oregon, sitting by designation.

factual dispute concerning her intent to commit criminal acts which occurred after her guilty plea but before sentencing. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

No Rule 32 violation occurred because there was no factual dispute to resolve. In the context of the arguments and statements made at sentencing, defense counsel's statement regarding "the issue of [defendant's] criminal intent" was an argument in favor of mitigation, not a request that the district court determine whether defendant possessed a certain *mens rea* when preparing the false tax returns in 2005-2007. Rule 32 does not apply to such arguments. United States v. Grajeda, 581 F.3d 1186, 1188-89 (9th Cir. 2009); United States v. Lindholm, 24 F.3d 1078, 1085 n.7 (9th Cir. 1994).

Even if defense counsel's statement can be viewed as such a request, there was still no factual dispute because "intent" is not a factual issue but is an ultimate conclusion which does not trigger Rule 32. Lindholm, 24 F.3d at 1085 n.7.

**AFFIRMED.**